IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

MARBISED MORENO CONTRERAS,

    Petitioner,

v.                                      No. 2:26-cv-00094-KG-SCY

MARY DE ANDA YBARRA, et al.,

    Respondents.

**<u>MEMORANDUM OPINION AND ORDER</u>**

This matter is before the Court on Petitioner Marbised Moreno Contreras' Motion to Enforce Judgment, Doc. 12, and the Government's Response in Opposition, Doc. 13. Petitioner argues that the bond hearing held after the Court's prior Order, Doc. 8, did not comply with the due process requirements set forth in that Order. After reviewing the parties' submissions and a transcript of the bond hearing, the Court denies the motion to enforce.

## I. *Background*

Petitioner is a Venezuelan citizen who entered the United States on or about August 20, 2023. Doc. 8 at 1. On December 15, 2025, Immigration and Customs Enforcement ("ICE") arrested Petitioner in Chicago, Illinois, and transferred her to the Otero County Processing Center in New Mexico. *Id.* at 10.

Petitioner filed a Petition for a Writ of Habeas Corpus, Doc. 1, and the Court held that Petitioner's detention absent a bond hearing violated the Immigration and Nationality Act ("INA") and the Fifth Amendment's Due Process Clause. Doc. 9 at 2, 5. On March 4, 2026, The Court ordered the Government to provide a bond hearing within seven days, at which it had

the burden to justify her continued detention by clear and convincing evidence or release her.  *Id.* at 5.

An Immigration Judge ("IJ") presided over the hearing on March 5, 2026.  *See* Doc. 12-7. During the hearing, the IJ explicitly stated that the Government "met its burden."  *Id.* at 6.  The Government argued that Petitioner was a "flight risk" because of a prior order of removal and that her current claim is for "speculative relief."  *Id.* at 4.  After hearing from Petitioner's counsel, the IJ found that "she's a flight risk due to the prior order of removal" and "even if the burden was shifted...I find the [G]overnment met its burden."  *Id.* at 6.  Petitioner moves to enforce the Court's prior order, arguing that the IJ did not provide Petitioner "with a meaningful bond hearing" and that "the [IJ] did not shift the burden to the [G]overnment."  Doc. 12 at 7.

## II.    *Analysis*

Petitioner's bond hearing satisfied the due process requirements set forth in this Court's prior order.  Under ordinary circumstances, "the burden" at a 8 U.S.C. § 1226 bond hearing "is on the noncitizen" to show that detention is unwarranted.  *Salazar v. Dedos*, 2025 WL 2676729, at *3 (D.N.M.).  In granting Petitioner's habeas petition, however, this Court held that due process required shifting that burden to the Government.  Doc. 9 at 5.  Nothing in the record demonstrates that the IJ failed to apply the burden-shifting framework.  To the contrary, the IJ acknowledged that DHS bore the burden of justifying detention, and the Government made individualized arguments for Petitioner's continued detention.  *See* Doc. 12-7 at 4, 6.  This Court's jurisdiction does not extend to reconsidering the IJ's bond determination once those procedures are followed.  A review of the bond determination is for the Board of Immigration Appeals.

2

***III.    Conclusion***

Petitioner's Motion to Enforce this Court's prior habeas Order, Doc. 12, is denied.

IT IS SO ORDERED.

/s/Kenneth J. Gonzales
CHIEF UNITED STATES DISTRICT JUDGE

- Please note that this document has been electronically filed. To verify its authenticity, please refer to the Digital File Stamp on the NEF (Notice of Electronic Filing) accompanying this document. Electronically filed documents can be found on the Court's PACER public access system.